IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RORY BROKENBROUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 13-451-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Rory Brokenbrough. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Feb 19, 2016
Wilmington, Delaware



Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Rory Brokenbrough ("Brokenbrough"). (D.I. 3) The State filed an answer in opposition. (D.I. 12) For the following reasons, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In April 2005, a Delaware Superior Court jury convicted Brokenbrough of attempted first degree robbery, first degree assault, third degree assault (as a lesser-included offense of first degree robbery), and third degree conspiracy (as a lesser included offense of second degree conspiracy). (D.I. 12 at 1) The Superior Court sentenced Brokenbrough to an aggregate of fifty-two years at Level V incarceration, suspended after thirty-five years for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed Brokenbrough's convictions and sentence on April 11, 2006. *See Brokenbrough v. State*, 897 A.2d 767 (Table), 2006 WL 954235 (Del. Apr. 11, 2006).

On April 5, 2007, Brokenbrough filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), and then he filed two subsequent motions to amend the original Rule 61 motion and a motion for the production of medical records. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 69, 71, 83) The Superior Court denied the original Rule 61motion on October 30, 2007 without ruling on the subsequent motions. *See State v. Brokenbrough*, 2007 WL 3287938, at *1 (Del. Super. Ct. Oct. 30, 2007). Brokenbrough moved for reargument on November 13, 2007, but appealed the denial of his Rule 61 motion before the Superior Court ruled on the reargument motion. (D.I. 12 at 2) Consequently, the

Superior Court stayed its decision on his pending motions because jurisdiction had moved to the Delaware Supreme Court. *Id.*

In January 2008, the Delaware Supreme Court remanded the case to the Superior Court to rule on the two motions to amend and the motion for medical records. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 92) On April 30, 2008, the Superior Court denied the motions to amend, the motion for reargument, and the motion for medical records. *See State v. Brokenbrough*, 2008 WL 1891705, at *1-2 (Del. Super. Ct. Apr. 30, 2008). The Delaware Supreme Court consolidated the appeals of the denial of the first Rule 61 motion and the denial of the amended Rule 61 motion and affirmed the consolidated appeal on November 25, 2008. *See Brokenbrough v. State*, 962 A.2d 916 (Table), 2008 WL 4989124 (Del. Nov. 25, 2008).

Brokenbrough filed a second Rule 61 motion on September 30, 2011. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 102) The Superior Court denied the Rule 61 motion on May 21, 2012 and his subsequent motion for reargument. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry Nos. 114, 117) Brokenbrough appealed, and the Delaware Supreme Court denied affirmed the denial of his second Rule 61 motion on October 10, 2102. *See Brokenbrough v. State*, 54 A.3d 256 (Table), 2012 WL 4846539 (Del. Oct. 10, 2012).

On January 8, 2013, Brokenbrough moved for sentence modification. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 120) The Superior Court denied the motion on March 27, 2013, and Brokenbrough did not appeal that decision. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 122)

Brokenbrough filed the instant habeas petition March 2013, asserting the following three grounds for relief: 1) due to a change in Delaware law, he is actually innocent of first degree

assault and first degree robbery; 2) his conviction for assault rested on an incorrect interpretation of the law and should be vacated; and 3) the state courts violated *Martinez v. Ryan*, 132 S.C.t. 1309 (2012) by improperly denying his motion to amend his second Rule 61 motion to add ineffective assistance of counsel claims. The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as meritless or procedurally barred. (D.I. 12)

## II.   ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Brokenbrough's petition, filed in 2013, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Brokenbrough does not allege, and the

court does not discern, any facts triggering the application of § 2244(d)(1)(B). However, by alleging that *Chao v. State*, 931 A.2d 1000 (Del. 2007)(*Chao II*) and *Williams v. State*, 818 A.2d 906 (Del. 2002) announced a new rule of law redefining Delaware's felony murder offense, Brokenbrough appears to allege that § 2244(d)(1)(C) or (D) apply to his case, and that the limitations period should begin to run from June 20, 2007 -- the date of the Delaware Supreme Court's decision in *Chao II*. This argument is unavailing. First, Brokenbrough was not charged with, tried for, or convicted of felony murder. Second, the *Chao II/Williams* rule cannot trigger a later starting date under § 2244(d)(1)(C) because it was a rule announced by the Delaware Supreme Court with respect to state law, not a newly recognized federal constitutional right made retroactively applicable on collateral review by the United States Supreme Court. Finally, to the extent Brokenbrough's argument is that *Chao II* provides the "factual predicate" for his habeas claims because it made the *Williams* holding retroactively applicable to his case, thereby providing a later starting date of June 20, 2007 under §2244(d)(1)(D), the contention fails. *Chao II* and *Williams* cannot establish a factual predicate for Brokenbrough's constitutional claims, because they were not decisions rendered in Brokenbrough's own litigation history and they did not directly eliminate his legal status as a convict. *See Johnson v. United States*, 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case.). Thus, the one-year period of

4

limitations in this case began to run when Brokenbrough's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The ninety-day period for filing a petition for certiorari with the United States Supreme Court runs from the entry of the state court judgment, not from the issuance date of the state court's mandate. *See* Sup. Ct. R. 13(1) & (3).

In this case, the Delaware Supreme Court affirmed Brokenbrough's convictions on April 11, 2006, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Brokenbrough's convictions became final on July 11, 2006. *See Wilson v. Beard,* 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period). Applying the one-year limitations period to that date, Brokenbrough had until July 11, 2007 to timely file his petition. *See Phlipot v. Johnson,* 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).

Brokenbrough did not file the instant § 2254 petition until March 16, 2013,[1] almost six full years after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v.*

---

[1] Pursuant to the prisoner mailbox rule, the court adopts as the filing date March 16, 2013, which is the date Brokenbrough signed the petition. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

5

*Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, 267 days of AEDPA's limitations period had already expired when Brokenbrough filed his Rule 61 motion on April 5, 2007. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on November 25, 2008. Therefore, Brokenbrough's Rule 61 motion tolled the limitations period from April 5, 2007 through November 25, 2008.

The limitations clock started to run again on November 26, 2008, and ran the remaining ninety-eight days without interruption until the limitations period expired on March 4, 2009. Brokenbrough's 2011 Rule 61 motion has no statutory tolling effect because it was filed after the expiration of AEDPA's limitations period. Hence, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

### B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d

6

616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Liberally reading Brokenbrough's petition, he appears to allege that equitable tolling is warranted under *Martinez*,[2] because the State did not appoint counsel to represent him during his first Rule 61 proceeding. (D.I. 3 at 18) This argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

Brokenbrough also appears to contend that equitable tolling is warranted because he is "actually innocent" of first degree assault under the *Chao II/Williams* line of cases. (D.I. 3 at 16-18) Once again, the argument is not successful. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928

---

[2] In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state post-conviction attorney in his first state collateral proceeding was ineffective under the standards established in *Strickland*, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 1316, 1320. A "substantial" ineffective assistance of trial counsel claim is one that has "some" merit" which, given the *Martinez* Court's citation to *Miller-El v. Cockrell*, 537 U.S. 322 (2003), appears to be governed by the standards applicable to certificates of appealability. *Id.* at 1318 -19. Significantly, however, the *Martinez* Court explicitly limited its rule, stating that the "holding in this case does not concern errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id.*

7

(2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the Third Circuit, evidence is "new" for the purposes of the *Schlup* standard only if it was not available at the time of trial and could not have been discovered earlier through the exercise of due diligence,[3] except in situations where that evidence was not discovered due to the ineffective assistance of trial counsel. *See Houck v. Stickman*, 625 F.3d 88, 93-94 (3d Cir. 2010). In turn, when determining if a petitioner's new evidence shows it is "more likely than not that no reasonable juror would have convicted him," a court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006). Finally, a court "may consider how the timing of the submission [of actual innocence] and the likely credibility of the affiant[] bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332; *see also McQuiggin*, 133 S.Ct. at 1935.

---

[3]The circuits addressing the issue are split over what constitutes "new" evidence for *Schlup* purposes. The Eighth Circuit's interpretation of "new" evidence corresponds with the Third Circuit's, whereas the Seventh and the Ninth Circuits do not require the exercise of due diligence, and view "new" evidence as evidence that was not "presented" at trial. *See Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011)(collecting cases).

Here, Brokenbrough's *Chao II/Williams* argument alleges legal innocence, not actual innocence. Consequently, even if the reasoning in the *Chao II/Williams* line of cases could be generally applied to charges other than felony murder, Brokenbrough's *Chao II/Williams* argument would not warrant equitable tolling.

Finally, to the extent Brokenbrough's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Accordingly, the court will dismiss the petition as time-barred.

## III.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Brokenbrough's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

IV. **CONCLUSION**

For the reasons discussed, the court will deny Brokenbrough's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without an evidentiary hearing.[4] An appropriate order will be entered.

---

[4]Having determined that the instant petition must be dismissed as time-barred, the court will not address the State's additional reasons for dismissal.